**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **KELVIN JONES,** ) | |
| **ID # 11007163,** ) | |
| Petitioner, ) | |
| ) | **No. 3:11-CV-1218-K (BH)** |
| vs. ) | |
| ) | **Referred to U.S. Magistrate Judge** |
| **LUPE VALDEZ, Sheriff,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, this case should be dismissed for failure to exhaust state court remedies.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Dallas County Jail, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 7, 2011, to challenge his detention pursuant to a parole warrant in Cause No. F90-29022. The respondent is Sheriff Lupe Valdez.

On February 12, 1990, petitioner was convicted of unauthorized use of a motor vehicle and was sentenced to twenty years in prison. (Response at 2; Ex. 1). He was released on mandatory supervision on September 14, 2001. (Amended Petition at 7). A parole warrant for an assault charge was issued for petitioner on November 9, 2010, and he was arrested on that warrant during a traffic stop on January 29, 2011. (Resp., Ex. 2). He was also charged with unlawful possession of a firearm by a felon as a result of the traffic stop, on January 29, 2011. *Id.* According to the Texas Department of Criminal Justice (TDCJ), the assault charge has been adjudicated, but the Board of Pardons and Paroles had not yet adjudicated the gun possession charge as of the date petitioner filed this case. (Resp., Ex. 2). Petitioner is also scheduled to go to trial on the gun possession case, Cause

No. F11-51682, on October 17, 2011. (Resp., Ex. 1B).  Respondent claims that petitioner has failed to exhaust his state court remedies and that his claims are without merit.  (Resp. at 3).  Petitioner filed a reply on August 22, 2011, and this matter is now ripe for adjudication.

## II. EXHAUSTION

While petitioner claims he is seeking habeas relief from his detention on a parole warrant for assault, he is also being detained on the basis of a new charge of gun possession.  Bond has not been granted in his new case because he was arrested on a parole violation.  (Resp., Ex. 1C).

A habeas action under 28 U.S.C. § 2241 is the proper vehicle for challenging either pretrial detention or detention pursuant to a parole warrant.  *See  Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Mackey v. Dretke*, 2004 WL 2958382 (N.D. Tex. Dec. 21, 2004); *Lewis v. Bowles*, 2002 WL 307442 (N.D. Tex. Feb. 21, 2002). However, "to be eligible for habeas relief [under § 2241], a petitioner must be 'in custody' and must have exhausted his available state remedies." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  Exhaustion requires that a petitioner present his "claims in a procedurally correct manner" to "the highest court of his state." *Deters v. Collins*, 985 F.2d 789, 794, 795 (5th Cir. 1993).

In Texas, a prisoner must present his or her claims to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Montes v. Cornyn*, 2002 WL 31495972 (N.D. Tex. Nov. 5, 2002).  Although Texas provides available avenues to challenge petitioner's detention, *see Montes*, 2002 WL 31495972, at *3 n.2 (noting that TEX. CODE CRIM. PROC. ANN. articles 11.08 and 11.09 provide a state habeas process for challenging pretrial detention of felony and misdemeanor charges) and *Ex parte Gilbert*, 2010 WL 360320 (Tex. Crim. App. Jan. 20, 2010) (addressing detention pursuant to a parole warrant under 11.07), he has not pursued relief in state

2

court. (Resp., Ex. 2; Reply Brief, doc. 10 at 24).[1] By not pursuing relief through the state system, petitioner has not exhausted his state remedies.

It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). Because petitioner has presented no claim to the Texas Court of Criminal Appeals, that court has had no opportunity to review the claims raised in the instant federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 24th day of August, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner includes an inmate grievance he filed in the Dallas County jail. As noted, this is not the correct method for exhausting his state court habeas remedies. He also argues that exhaustion is futile. Petitioner may file a state habeas application challenging his current pretrial detention, since the record reflects that his parole may not have been revoked based on the assault charge. (Resp., Ex. 2; Reply Brief at 9-10). Should his parole be revoked based on the gun possession charge or should he be convicted at trial on that charge, petitioner may file a state habeas application challenging the revocation at that time. *See* TEX. CODE CRIM. PROC. 11.07 (West 2007). He has not shown that exhaustion is futile.

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE